The State, *ex rel.* Robinson, *v.* Hanna *et al.*

No. 11,051.

THE STATE, EX REL. ROBINSON, *v.* HANNA ET AL.

HIGHWAY.—*Gravel Roads.—Overflow by Construction of.—Officers.—Presumption.—Jurisdiction.—County Commissioners.—Injunction.—Mandate.—Damages.—Appeal.*—A complaint by the owner of real estate, along one side of which a stream of water has flowed from a time immemorial crossing a public highway, and kept from overflowing the land by a natural ridge, showed that by proceedings under the law providing for the construction of free gravel roads, the highway had been appropriated to that purpose; that work was done in constructing the gravel road, under the authority of the board of commissioners, and that the superintendent of roads, under such authority, constructed it in such a manner as to cut the natural ridge and throw the stream upon the lands, to its injury, and prayed in one paragraph for a mandate and in another for an injunction.

*Held,* that a case was not shown for the granting of either writ.

*Held,* also, that it will be presumed that the public officers did their duty, no averment of facts to the contrary being made, and the complaint stating that they assumed to act under legal authority, the county board having jurisdiction in such proceedings.

*Held,* also, that as section 5091, R. S. 1881, provides for assessment of damages in such cases, it must be presumed damages were awarded.

*Held,* also, that if the proceedings had been erroneous, the remedy was by appeal.

From the Carroll Circuit Court.

*L. D. Boyd, N. J. Howe, R. P. Davidson* and *J. C. Davidson,* for appellant.

— *Nelson* and *J. C. Odell,* for appellee.

ELLIOTT, C. J.—The complaint of the relator alleges that he is the owner of a tract of land; that on the west side of it was a public highway, which had been in existence for more than thirty years; that immediately south of the relator's land there was a stream of water, which had for a time immemorial crossed the highway about forty rods south of the land; that a natural ridge kept the waters off the land; that by proceedings under the law providing for the construction of free gravel roads, the highway was appropriated to that purpose; that work was done in constructing the

gravel road under the authority of the board of commission-
ers; and the superintendent of roads, in building the gravel
road under the order of the commissioners, constructed it in
such a manner as to cut the natural ridge along the relator's
land and throw the water upon it, thereby causing injury to
it and to his crops.   The prayer of the first paragragh of
complaint is for a writ of mandate, and that of the second is
for an injunction, although the facts pleaded are substantially
the same.

The complaint does not make a case for a mandate or for
an injunction.   There is no allegation in the complaint that
the appellees did not proceed according to law, and in such a
case as this it will be presumed that public officers did their
duty, for the complaint shows that they assumed to act under
the authority of legal proceedings.   There is nothing in the
complaint attacking the validity of the proceedings in the
matter of establishing the free gravel road, and it must be
presumed that they were valid, so that we have the case of
officers acting under valid legal proceedings.   If it appeared
that there was no jurisdiction in the board of commissioners,
we should have a very different case from that presented, but
the matter is one in which the board did have jurisdiction.
Ample provisions are made for such cases as this, and in the
absence of a contrary showing, we must presume that proper
proceedings were had.   R. S. 1881, sec. 5091.   The statute to
which we have referred provides for the assessment of dam-
ages to adjacent land-owners, and affords them an opportu-
nity to present their claims, and until the order of the board
is impeached we must sustain it, and uphold the acts of offi-
cers who proceed in accordance with it, and we must also
presume that all damages suffered by the appellant were
awarded him.

There is not even a charge that the proceedings were ir-
regular or erroneous; for aught that appears full damages
were duly assessed in favor of the relator.   If, however, the
proceedings had been erroneous, the relator's remedy would

have been by appeal, and not by resort to the extraordinary remedy of mandamus or injunction.

There are other reasons why the complaint is bad, but we deem it unnecessary to discuss them.   Judgment affirmed.

Filed Oct. 11, 1884.